1

2

3

4

5                                    UNITED STATES DISTRICT COURT
                                 WESTERN DISTRICT OF WASHINGTON
6                                             AT SEATTLE

7    JAMES P.,

8                           Plaintiff,              CASE NO. C19-1427-MAT

9            v.

10   ANDREW M. SAUL,                                ORDER  RE: SOCIAL SECURITY
     Commissioner of Social Security,               DISABILITY APPEAL

11
                            Defendant.
12

13          Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

14   the Social Security Administration (Commissioner).   The Commissioner denied plaintiff's

15   applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after

16   a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the

17   administrative record (AR), and all memoranda of record, this matter is REMANDED for an award

18   of benefits.

19                          **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1970.[1]  He has a GED and previously worked as a pipefitter,

21   operating engineer, and construction worker II.  (AR 24-25.)

22          Plaintiff filed DIB and SSI applications on September 12, 2014, alleging disability

23
     _____

         [1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

     ORDER
     PAGE - 1

beginning January 1, 2014. The applications were denied initially and on reconsideration. On April 12, 2017 and May 2, 2018, ALJ Eric S. Basse held hearings, taking testimony from plaintiff and two vocational experts (VE). (AR 34-121.) On August 15, 2018, the ALJ found plaintiff not disabled. (AR 15-27.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on July 8, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's coagulation disorder and peripheral artery disease status-post bypass of the right, lower extremity. He found plaintiff's right posterior rib fractures and somatoform disorder not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he can lift and carry

twenty pounds occasionally and ten pounds frequently; sit for eight hours and stand and walk for two hours in an eight-hour workday, with normal breaks; and occasionally climb ramps and stairs, balance, crouch, and stoop. The ALJ also found plaintiff cannot climb ladders, ropes, or scaffolds, kneel or crawl; should not be required to operate foot controls with his right leg; and should avoid even moderate exposure to extreme heat or cold, concentrated exposure to vibrations or pulmonary irritants, and even moderate exposure to hazards. The ALJ found, with this RFC, plaintiff unable to perform past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing work as a nut sorter, table worker, charge account clerk, telephone quotation clerk, document preparer, addresser, and call out operator. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

1       Plaintiff argues the ALJ erred in failing to include his need to use a cane in the RFC and in

2 relying on jobs that did not exist in sufficient numbers at step five. The Commissioner argues the

3 ALJ's decision has the support of substantial evidence and should be affirmed.

4 <u>Step Four</u>

5       At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and

6 assess his work-related abilities on a function-by-function basis, including a required narrative

7 discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; Social Securing Ruling (SSR) 96-8p. RFC is

8 the most a claimant can do considering his or her limitations or restrictions. SSR 96-8p. The ALJ

9 must consider the limiting effects of all of plaintiff's impairments, including those that are not

10 severe, in determining his RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p; *Erickson v. Shalala*, 9

11 F.3d 813, 818 (9th Cir. 1993) ("The ALJ must consider *all factors* that might have a 'significant

12 impact on an individual's ability to work.'") (quoting *Varney v. Secretary of HHS*, 846 F.2d 581,

13 585 (9th Cir.), *relief modified*, 859 F.2d 1396 (1988)).

14       Plaintiff testified he uses a cane for walking. (AR 49, 97.) A. Peter Weir, MD, an

15 examining medical source, found the use of a cane medically necessary. (AR 592.) The ALJ

16 noted plaintiff's use of a cane for ambulation. (AR 21-22, 43.) The VE testified the number of

17 available jobs under step five of the sequential analysis would erode by approximately fifty percent

18 if plaintiff needed to use a cane at all times. (AR 74-75.) The ALJ did not include the use of a

19 cane in plaintiff's RFC (AR 20), while failing to explain the rejection of this part of Dr. Weir's

20 report and plaintiff's testimony. This was harmful error, as it was consequential to the ultimate

21 disability conclusion. *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.

22 2006) (recognizing application of harmless error in Social Security context where a "mistake was

23 nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.")

ORDER
PAGE - 4

1    If this were the only error, the appropriate remedy would be remand for further

2  proceedings.  However, the ALJ also committed harmful error at step five.

3                                      Step Five

4      At step five, the Commissioner bears the burden to show a claimant is not disabled because

5  he or she can perform other work that exists in significant numbers in the national economy.  20

6  C.F.R. §§ 404.1520(c)(2), 416.960(c)(2).  The inclusion of an erroneous job at step five is harmless

7  if the remaining jobs exist in significant numbers on their own.  *See Shaibi v. Berryhill*, 870 F.3d

8  874, 883 n. 6 (9th Cir. 2017).

9      The ALJ found plaintiff unable to perform past relevant work as a pipe fitter, operating

10 engineer, and construction worker II.  Therefore, the burden shifted to the Commissioner to

11 establish the existence of other jobs existing in significant numbers in the regional or national

12 economy that plaintiff can perform considering his RFC.  With the assistance of a VE, the ALJ

13 found plaintiff able to perform seven separate occupations, including Nut Sorter (270 jobs), Table

14 Worker (3,000 jobs), Charge Account Clerk (1,463 jobs), Telephone Quotation Clerk (3,400 jobs),

15 Document Preparer (46,000 jobs), Addresser (5,940 jobs), and Call Out Operator (5,800 jobs).  At

16 hearing, the VE acknowledged the labor market for these jobs has "significantly eroded."  (AR

17 68.)  Noting that "many of the jobs identified by the [VE] do not have large numbers", the ALJ

18 found the combined numbers of the identified jobs "represent substantial jobs in the national

19 economy that the claimant could perform."  (AR 26.)

20     Plaintiff challenges the ALJ's methodology of combining seven occupations in order to

21 reach a sufficient number of jobs existing in the national economy.  Plaintiff cites the Program

22 Operations Manual System (POMS)[2] provision DI 25025.030(C)(1), which provides that an

23
_____
         [2] The "POMS constitutes an agency interpretation that does not impose judicially enforceable duties
on either this court or the ALJ."  *Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1073 (9th Cir. 2010) (citing

adjudicator should cite three jobs in order to reach the "significant number" threshold, or less if "it is clear that jobs exist in significant numbers" within fewer than three jobs. Plaintiff argues the necessity of aggregating the available national positions of more than three jobs shows the Commissioner cannot meet his burden at step five.

The Commissioner does not directly rebut this argument, but argues a claimant who fails to raise a challenge to the VE's job numbers or the evidentiary basis for those numbers before the ALJ and Appeals Council waives that challenge. *Shaibi,* 870 F.3d at 882. The Court agrees with plaintiff, however, that (with the exception of the Document Preparer job, as discussed below) at issue is not the accuracy of the VE's testimony about the number of available jobs, but the legal sufficiency of those jobs.

With regard to the Document Preparer job, plaintiff argues that, if the ALJ had satisfied his duty to inquire into a conflict raised by the VE between the expert's testimony and the Dictionary of Occupational Titles (DOT),[3] the insufficiency of the document preparer numbers would have been revealed. Asked by the ALJ whether her testimony was consistent with the DOT, the expert replied, "Yes, except to the extent the information is not in the DOT and its companion." (AR 75.) The ALJ did not inquire further or ask for clarification of this ambiguous comment. Plaintiff argues the VE's comment was a reference to the fact the Document Preparer job described in the DOT is actually the position of "Document Preparer, Microfilming", which has been eliminated by digital technology. (Dkt. 10 at 6.)

---

*Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003)). These agency interpretations are "entitled to respect," but only to the extent they have the "power to persuade." *Id*. (internal quotation marks and quoted sources omitted). *See also Warre v. Commissioner of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority.")

[3] Pursuant to SSR 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

ORDER
PAGE - 6

While the Commissioner contends plaintiff's argument lacks support in this hearing record, the Court finds sufficient questions raised about the adequacy of the step five finding to require reversal. At the most, the total number of jobs available to plaintiff on a national basis, if all seven jobs are included, is approximately 60,000. Without the Document Preparer job, the number is less than 20,000 nationally. The VE testified that, if plaintiff were required to use a cane, the availability of jobs would be reduced by about fifty percent. As discussed previously, the ALJ committed harmful error by failing to address plaintiff's need to use a cane in the RFC finding.

The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012). It has, however, found "a comparison to other cases . . . instructive." (*Id.*) The Ninth Circuit has further made clear that "[t]he statute in question indicates that the 'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)." *Beltran*, 676 F.3d at 1206 (emphasis in original) (citing 42 U.S.C. §§ 423(d)(2)(A)). Here, the VE testified only to numbers of jobs available on a national level. The number of nationally available jobs cannot be considered "as a stand-alone number" and, rather, consists of jobs distributed between several regions of the country. *Id.* at 1206-07. The Commissioner does not cite a comparable Ninth Circuit case finding less than 20,000 jobs to be a "significant number" without also including an appreciable number of available regional jobs. *See, e.g. Gutierrez v. Comm'r of Social Security*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 national jobs plus an additional "significant" number of regional jobs "a close call").

In sum, considering the uncertainty about the consistency of the VE's testimony with the DOT, the paucity of available numbers of some of the jobs relied on by the ALJ, the erosion of the available jobs if the RFC included the need to use a cane, and the questionable sufficiency of the

number of available jobs identified by the VE, the Commissioner has not met his step five burden.

<u>Remedy</u>

Courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Usually, "'[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded[]'" for further proceedings. *Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). However, the Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Id*. at 1076-77. Given the absence of a legally sufficient step five finding, the Court finds no need to remand this case to correct an error at step four that would have no effect on the ultimate disability determination. Further proceedings would serve no useful purpose.

### **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for an award of benefits.

DATED this <u>7th</u> day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge